101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Christian W. LEJARDE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-2700.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT: Christian W. Lejarde, pro se, Big Spring, TX.
 APPEARING FOR APPELLEE: Zachary W. Carter, U.S. Atty., Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before NEWMAN, Chief Judge, and McLAUGHLIN and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.
 
 
 3
 Christian W. Lejarde appeals pro se from the September 21, 1995, order of the District Court denying his motion under 28 U.S.C. § 2255 to vacate his sentence of 46 months' imprisonment. The sentence was imposed on December 10, 1993, following Lejarde's plea of guilty, pursuant to a plea agreement, to a narcotics offense.
 
 
 4
 Lejarde contends that his trial counsel was ineffective for not challenging aspects of the presentence report that Lejarde alleges incorrectly calculated his Criminal History Category. Since his 46 months' sentence falls within both Criminal History Category I, which he contends is applicable, and Criminal History Category III, which the sentencing judge applied, any error in calculation is not available for appellate review. See United States v. Bermingham, 855 F.2d 925, 934-35 (2d Cir.1988).
 
 
 5
 In any event, the calculations appear to be correct, and the failure to raise at sentencing whatever dispute could arguably have been made does not render trial counsel ineffective within the meaning of Strickland v. Washington, 466 U.S. 668 (1984).